# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                           CRIMINAL ACTION NO. 2:19-cr-00240

MICHAEL SHRAMOWIAT,

        Defendant.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the United States' *Motion to Stay and Revoke Magistrate's Pretrial Release Order for Defendant Michael Shramowiat* (Document 22) and *Defendant Michael Shramowiat's Response to the United States' Motion to Stay and Revoke Magistrate's Pretrial Release Order* (Document 25). The Court has further reviewed the *Order Setting Conditions of Release* (Document 23), entered by Magistrate Judge Omar J. Aboulhosn. Upon careful review, the Court finds that the conditions entered by the Magistrate Judge will serve to reasonably assure the Defendant's appearance and protect the community.

## FACTS AND EVIDENCE

The Defendant is charged in a nine-count Indictment with illegal distribution of Fentanyl, a controlled substance, not for legitimate medical purposes in the usual course of professional medical practice and beyond the bounds of medical practice, in violation of 21 U.S.C. § 841(a)(1). On September 24, 2019, the Defendant was arrested in the Southern District of West Virginia. An initial appearance before Magistrate Judge Tinsley was held on that same day. During that

hearing, Magistrate Judge Tinsley found that the Defendant posed a danger to the community and should be detained prior to trial.

On September 30, 2019, a detention hearing was held before Magistrate Judge Aboulhosn. Since the September 24, 2019 hearing before Magistrate Judge Tinsley, several changes had occurred. First, the Defendant's chronic pain management clinic, Mountaineer Pain Relief and Rehabilitation Center, went out of business as of September 25, 2019. Second, the West Virginia Office of Health Facilities Licensing and Accreditation (OHFLAC) prohibited the Defendant from being affiliated with another pain clinic. Third, the Defendant relinquished his DEA registration, without which he cannot prescribe any schedule I-V controlled medications. Taking this new information into consideration, the Magistrate Judge determined that the Defendant should be released prior to trial, subject to certain conditions.

Other facts relevant to the Defendant's release include his lack of criminal history and his having voluntarily surrendered all the firearms that were lawfully in his possession. There is no evidence that the Defendant has ever possessed, brandished, or used any firearm unlawfully.

**STANDARD OF REVIEW**

When a party seeks review of a magistrate judge's order releasing or detaining a defendant, the Court must conduct a *de novo* review. 18 U.S.C. § 3145(b); *United States v. Clark*, 865 F.2d 1433, 1436 (4th Cir. 1989); *United States v. Williams*, 753 F.2d 329, 333 (4th Cir. 1985). The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq*, (hereinafter "the Act"), provides that a defendant shall be detained, after a hearing, only if a judicial officer finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e)(1). In making this determination, the

2

judicial officer shall take into account the available information concerning the following factors set forth in 18 U.S.C. § 3142(g): (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. "For pretrial detention to be imposed on a defendant, the lack of reasonable assurance of either the defendant's appearance or the safety of others or the community, is sufficient; both are not required." *United States v. Stewart*, 19 Fed.Appx. 46, 48 (4th Cir.2001) (citation omitted.). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. *United States v. Salerno*, 481 U.S. 739, 755 (1987).

In order to obtain a detention order, the Government must demonstrate (1) by clear and convincing evidence that "no conditions other than detention will reasonably assure the safety of any other person and the community," *United States v. Simms,* 128 Fed.Appx. 314, 315 (4th Cir. 2005) (citing 18 U.S.C. § 3142(f)(2)); *see also United States v. Westbrook*, 780 F.2d 1185, 1188-89 (5th Cir. 1986); or (2) by a preponderance of the evidence that detention is necessary to reasonably assure the appearance of the defendant at future court proceedings, *United States v. Stewart,* 19 Fed.Appx. at 48 (4th Cir. 2001). Additionally, pursuant to 18 U.S.C. § 3142(e)(3), if probable cause exists to believe that a defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, a rebuttable presumption arises that no condition or combination of conditions exist which would reasonably assure the appearance of the person as required and the safety of the community.

**DISCUSSION**

On September 30, 2019, Magistrate Judge Aboulhosn found that the Defendant could be released subject to the standard conditions of release, with special conditions including an unsecured bond of $10,000 and a travel restriction limiting the Defendant to the Southern District of West Virginia and Marietta, Ohio.

The United States argues that the Defendant should be detained "due to his dangerous prescribing patterns." (Mot. at 1.) Specifically, the Government states that, "As long as Dr. Shramowiat is out of custody, he has the most dangerous tools there are – his pen, prescription pad and a valid medical license. That is all he needs to be able to continue to fuel the opioid epidemic in West Virginia." *Id.* The Government further argues that the Defendant "is a serious flight risk" because (1) there is a strong case against the Defendant; (2) he faces serious penalties if convicted; (3) he owns firearms; (4) the Defendant owns a pornography studio;[1] (5) he has access to hundreds of thousands of dollars; and (6) he prescribed a large amount of opioids while practicing medicine. (Mot. at 2.)

As an initial matter, the Court finds that there is no evidence that the Defendant poses any ongoing danger to the community. The Defendant's alleged unlawful distribution of controlled substances was limited to improperly prescribing opioids. Furthermore, the Government acknowledges that the Defendant has relinquished his firearms. As such, it relies solely on the Defendant's capacity to fuel the opioid epidemic by continuing to write prescriptions. However, as of October 1, 2019, the Defendant relinquished his DEA registration, which revoked his ability

---

1 The Defendant's counsel states in response, "And, again the government refers to pornography. The presence of 'pornography' has no legal relevance to the issues before the Court. None." The Court agrees and notes that such arguments detract from the weight and credibility of substantive arguments. Counsel should use arguments which are legally relevant and germane to their respective positions.

to prescribe any controlled medications. Thus, there is nothing in the record that establishes the Defendant poses a risk of criminal activity if not detained.

For purpose of resolving this motion, the Court acknowledges the strength of the United States' case against the Defendant but finds that it is not sufficient to warrant detaining the Defendant. The Defendant is charged with prescribing a significant amount of Fentanyl, which potentially contributed to the death of one person. While the weight of evidence against the defendant is a factor the Court will consider, courts have generally afforded this factor the least weight. *See, e.g.*, *United States v. Stanford*, 630 F.Supp. 751, 755 (S.D. Tex.) *aff'd*, 341 F. App'x 979 (5th Cir. 2009) (*citing United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986) and *United States v. Barnett*, 986 F.Supp. 385, 393 (W.D. La. 1997)).

The Court also finds that the conditions proposed by the Magistrate Judge are sufficient to mitigate any flight risk. The United States argues that the Defendant is a flight risk because he has access to money, "does not appear to have any strong family ties to the Southern District of West Virginia and has not contributed to making his community a better place." (Mot. at 9.) Yet the Defendant rebuts this by noting that he has lived and worked in this community for the last twenty-six years. Because the Defendant has no criminal record, there is no basis to support the idea that he would be willing to use the money he has to further violate the law by fleeing. Additionally, an alleged failure to "better the community" does not establish risk of flight. Thus, the Court finds that the Defendant has overcome the rebuttable presumption and shown, by a preponderance of the evidence, that he is not likely to flee.

Upon consideration of the factors enumerated at Section 3142(g) of the Act and the arguments set forth in the Government's motion and the Defendant's response, the Court finds that

5

the Government has failed to meet its burden of demonstrating by clear and convincing evidence that no conditions or combination of conditions will reasonably assure the safety of other persons and the community and the Defendant's appearance as required in future court proceedings.

## CONCLUSION

Wherefore, after careful consideration, the Court **ORDERS** that the Government's *Motion to Stay and Revoke Magistrate's Pretrial Release Order for Defendant Michael Shramowiat* (Document 22) be **DENIED**, and the Magistrate Judge's *Order Setting Conditions of Release* (Document 23) be **AFFIRMED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: October 16, 2019

*[signature: Irene C. Berger]*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA